## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | SAMC-17-00006-JLS (KESx) | **Date** | February 14, 2017 |
| **Title** | David W. Lupica v. Tovmas Grigoryan, et al. | | |

**Present: The Honorable**   Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| **Deputy Clerk** | **Court Reporter / Recorder** |
| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
| n/a | n/a |

**Proceedings:**   (In Chambers) re Plaintiff's Application for Entry of Protective Order Regarding Touhy Disclosures

   On February 9, 2017, Plaintiff David W. Lupica filed an Application for Entry of Protective Order Regarding Touhy[1] Disclosures. (Dkt. 1.) Plaintiff has a pending civil lawsuit against Defendants in the Los Angeles County Superior Court, case no. BC547049. (Id. at 2.) He seeks information from the FBI regarding its investigation of Defendant Tovmas Grigoryan, as well as testimony from an investigating FBI agent. (Id. at 5.)

   After Plaintiff served the FBI with a subpoena duces tecum, the FBI responded that "you must supply us with a *federal* court order, a waiver, or some other basis for production consistent with the Privacy Act." (Id. at 16) (emphasis added). Plaintiff now asks this Court to issue an order requiring disclosure of the information, as well as a protective order governing that disclosure.

   The Privacy Act forbids federal agencies from disclosing records that contain private information about individuals, except with the individual's consent or, inter alia, "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 522a(b)(11); see also 28 C.F.R. § 16.22, *et seq.* (Department of Justice procedures for considering demands for information). In Laxalt v. McClatchy, 809 F.2d 885 (D.C. Cir. 1987), the D.C. Circuit held that such requests are governed by "the relevance standard of Rule 26(b)(1) of the FRCP." Id. at 48; see also Hall v. Housing Auth. of Cty. of Marin, 2013 WL 5695813, at *2 (N.D. Cal. 2013) (following Laxalt).

---

   [1] United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). In Touhy, the Supreme Court held that an employee of a government agency could not be held in contempt for failing to comply with a subpoena, "because [a department] regulation [a predecessor to 28 C.F.R. § 16.22] validly withdrew from the employee and placed in the Attorney General the decision whether and on what terms to comply with the subpoena." In re Boeh, 25 F.3d 761, 764 (9th Cir. 1994), cert. denied, 513 U.S. 1109 (1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | SAMC-17-00006-JLS (KESx) | **Date** | February 14, 2017 |
| **Title** | David W. Lupica v. Tovmas Grigoryan, et al. | | |

     This Court has a duty to determine sua sponte that it has subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Plaintiff asserts, "Federal district courts are generally considered courts of competent jurisdiction for purposes of § 522a(b)(11)." (Dkt. 1 at 6.) He does not cite any authority for this principle, or cite any case in which a *federal* district court applied the Privacy Act to a subpoena issued as part of ongoing litigation in a *state* court. State courts are equally competent to apply federal law, and federal courts generally abstain from intervening in ongoing state court litigation. See generally Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("Younger v. Harris, [401 U.S. 37 (1971)] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").[2]

     Accordingly, on or before February 21, 2017, Plaintiff shall show cause, in writing, why this Court has subject matter jurisdiction over this matter, even though the underlying civil action is pending in state court.

                                                                                     Initials of Clerk     jd

---

     [2] Some case law indicates that, if the agency has issued a final decision refusing to respond to the subpoena, Plaintiff might be able to file a separate federal action challenging the agency's decision under the Administrative Procedure Act ("APA"). See Boeh, 25 F.3d at 764 n.3; Davis v. Enters. v. EPA, 877 F.2d 1181, 1184-88 (3d Cir. 1989), cert. denied, 493 U.S. 1070 (1990). Plaintiff does not appear to be initiating a new action for review under the APA, however.